**FEATHEROLF, Admr., Plaintiff-Appellant, v. CASSERLY, a Minor, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5484. Decided October 5, 1956.

Buchanan, Peltier & Fuller, Roland A. Fuller, Jr., of Counsel, Columbus, for plaintiff-appellant.

Ballard, Dresbach, Crabbe & Newlon, Charles E. Brown, of Counsel, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This is a law appeal from a judgment of the Common Pleas Court sustaining the defendant's motion for a judgment on the pleadings. The action was one for wrongful death brought by Russell E. Featherolf as administrator of the estate of Infant Featherolf, pursuant to §2125.01 R. C. The petition merely alleges that the plaintiff is the administrator of the estate of said infant, but does not allege in whose behalf the action is brought. Negligence of the defendant is pleaded and that the same caused prenatal injuries from which the said infant died several hours after being born alive.

The question presented is whether or not the general release, issued by both of the parents after the accrual of the cause of action which might have been maintained for their benefit, constitutes a bar to the prosecution of an action brought under the cited section of the Revised Code. The statute involved herein provides that the action shall be "for the exclusive benefit of the surviving spouse, the children, and other next of kin of the decedent." It therefore becomes pertinent to determine who are the next of kin of this infant. The answer to this question is found in §2105.06 (E) R. C. This section designates the parents as the next of kin, in case the decedent has no spouse or children, for the purposes of inheriting personal property. In **Karr v. Sixt, 146 Oh St 527,** the Court held that brothers and sisters may be included in the term "other next of kin," but it must be shown from the evidence that they have suffered a pecuniary injury before they may be considered in an award for damages under the wrongful death statute. In **Ebeling v. Harman, 83 Oh Ap 519,** this Court held that such facts must be pleaded and proven. This Court also decided the identical question we have here in the case of **Pilkington v. Saas, 25 Abs 663.** In this case the parents and next of kin of a minor child had executed and delivered to a defendant a general release on May 24, 1934, releasing the defendant from any and all causes of action as the result of an accident which occurred on April 7, 1934. The child in question died on July 2, 1935. In a subsequent prosecution of a wrongful death action the Court found that the general release executed by the mother, who was the next of kin of the decedent, constituted a bar to the subsequent prosecution of a wrongful death action. Section 3 of the syllabus of this case provides as follows:

"A settlement made by the wrongdoer with the next of kin and a release executed and delivered by the next of kin to the wrongdoer during the lifetime of the decedent constitutes a bar to an action by the administrator of the decedent's estate for the benefit of the next of kin under the wrongful death statute."

It will be noted that the factual situation in the case at bar is even stronger than the case presented to the Court of Appeals in the Pilkington case. In the latter the release was executed by the next of kin

during the decedent's lifetime, but nevertheless the Court held it constituted a bar to any subsequent prosecution for a wrongful death. In our case the child had died prior to the time the release was executed and delivered and any cause of action for wrongful death which may have existed in the parents subsequent to the death of the child was terminated by the execution and delivery of the release.

We find no error in the record and the judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.