MATZ, EXR., APPELLEE, *v.* ERIE-LACKAWANNA RD. CO., APPELLANT.

(No. 5548—Decided May 5, 1965.)

*Messrs. Matz, Petersilge & Weimer,* for appellee.
*Messrs. Slabaugh, Walker, Pflueger, Roderick & Myers,* for appellant.

BRENNEMAN, J. This action was commenced in the Court of Common Pleas of Summit County, and was brought by the

plaintiff, appellee herein, James W. Matz, executor of the estate of Bessie L. Godwin, deceased, against the defendant, appellant herein, Erie-Lackawanna Railroad Company. Upon the issues created by the pleadings, the cause was submitted to the court upon the evidence without the intervention of a jury, and judgment in the sum of $20,000 was entered for the plaintiff. From this judgment, an appeal has been made to this court on questions of law.

In his petition, the plaintiff states that the decedent, Bessie L. Godwin, at the time of her death was the "widow and sole benneficiary of Oscar A. Godwin, deceased, under the Federal Employers' Liability Act and the Ohio Wrongful Death Statute"; that prior to her death, Bessie L. Godwin "had entered into an agreement with the defendant, Erie-Lackawanna Railroad Company, for a complete and full settlement of all her claims against said defendant by reason of the death of her husband, Oscar A. Godwin, for the consideration of the sum of * * * $20,000 cash, plus all expenses incurred incidental to the settlement of said claim"; that pursuant to the settlement agreement, Bessie L. Godwin "executed an application for settlement of said claim * * * to the Probate Court of Summit County, Ohio, which settlement application recited, among other matters, that she consented to be bound by the terms of said agreement, and that the agreement was reasonable and proper; * * * [and] that commensurate with the execution of the application to the Probate Court * * * the decedent, Bessie L. Godwin, at the instance and request of the defendant, Erie-Lackawanna Railroad Company, also executed other written documents pursuant to said settlement which were drafted by said defendant's attorney and returned to him at his instance and request."

The petition continues by stating "that within a few days after the execution by the decedent, Bessie L. Godwin, of the above described papers, said Bessie L. Godwin died and that the defendant, Erie-Lackawanna Railroad Company, now refuses to honor said agreement and abide by the terms thereof and refuses to pay to the executor [of the estate] of said Bessie L. Godwin the sum of * * * $20,000 * * *."

Plaintiff concludes his petition by praying for a judgment of $20,000 plus court costs.

The facts concerning the events preceding the filing of this action, and the so-called "settlement agreement" upon which this action was based in the trial court, are not in dispute. They were submitted to the trial court by the depositions of three witnessses, and the undisputed statements of counsel, all of which make up the record.

The record discloses the following facts:

Oscar A. Godwin was injured May 29, 1962, while employed by the defendant railroad and died on May 30, 1962. He was survived by his widow, Bessie L. Godwin, and a son by a previous marriage, Allen Godwin. (Bessie L. Godwin had five children by a marriage previous to her marriage to Oscar A. Godwin.)

One Henry Lyons, a claims adjuster for railroad, called upon Bessie L. Godwin on three occasions between June and September, 1962. At the last meeting, Lyons and Mrs. Godwin agreed upon a settlement sum of $20,000 for the wrongful death of Oscar A. Godwin. Lyons informed Mrs. Godwin that the proposed settlement would have to be processed through the Summit County Probate Court, and that an attorney for the railroad would prepare all the necessary papers.

Thereupon George T. Roderick, an attorney for the railroad, prepared an application for the appointment of Bessie L. Godwin, as administratrix of the estate of Oscar A. Godwin deceased, and bond; an application for settlement of the wrongful death claim, the journal entry authorizing settlement, the report of settlement, the journal entry approving settlement and ordering distribution, and the release of claim. All documents except two were signed by Mrs. Godwin while she was in the hospital. She did not sign the release. She was informed she would have to appear in Probate Court in person on the date of hearing to present any settlement she wished the court to approve. She then signed a waiver of administration and requested the appointment of her son, James Dean, as administrator. (At this point in the proceedings, none of the aforesaid papers had been filed in the Probate Court.)

James Dean, the proposed administrator, and Mrs. Godwin had full knowledge that these papers had to be filed in Probate Court, and that a date for hearing on the application of James Dean, as administrator, and on the matter of the proposed

settlement would be set by the court. They also knew that Allen Godwin, the son of the deceased, Oscar A. Godwin, had to be notified of such hearings.

The application for the appointment of James Dean, as administrator, was filed in the Probate Court on September 7, 1962, and the date of hearing was set by the court for September 14, 1962. Notice of the hearing was sent to Allen Godwin by registered mail on September 7, 1962. Bessie L. Godwin died September 10, 1962. On September 14, 1962, the attorney for the railroad informed the Probate Court of the death of Bessie L. Godwin. The application for settlement of the claim for wrongful death of Oscar A. Godwin was not presented to the court.

In its assignments of error, the appellant urges that the judgment of the Common Pleas Court is "contrary to the evidence" and "contrary to law," and in connection therewith presents two questions:

"A. Under the Ohio Wrongful Death Act and/or the Federal Employers' Liability Act, does the widow of a deceased employee have her own, individual claim for such death that may be validly settled with the employer-railroad?

"B. If so, does the evidence establish that such 'widow's claim' was ever settled in this case for $20,000?"

The rule of the common law of England (adopted by various states of the Union at the birth of the United States), that in an action in tort damages are not recoverable by anyone for the death of a human being, slowly became recognized as out of line with new concepts of justice, and the adoption of Lord Campbell's Act in England in 1846 marked the first departure from the old rule. The act gave an action to the executor of the estate of a deceased person to recover money damages for the benefit of wife, husband, parent and child (86 Statutes of United Kingdom 531, Chapter 93). Soon thereafter statutes of a similar character were enacted in the various states of the Union, and the Congress of the United States provided a remedy for wrongful death in matters falling within federal cognizance.

In 1851 Ohio joined in the procession of states (49 Ohio Laws 117 [Genl. L.]); and with some changes from the original the Ohio law now provides that "when the death of a person

is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the corporation which or the person who would have been liable if death had not ensued, or the administrator or executor of the estate of such person, as such administrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured * * *." Section 2125.01, Revised Code.

Section 2125.02, Revised Code, provides:

"An action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children, and other next of kin of the decedent. The jury may give such damages as it thinks proportioned to the pecuniary injury resulting from such death to the persons, respectively, for whose benefit the action was brought. * * * Such personal representative, if he was appointed in this state, with the consent of the court making such appointment may, at any time before or after the commencement of the suit, settle with the defendant the amount to be paid."

Section 2125.03, Revised Code, provides:

"The amount received by a personal representative in an action for wrongful death under Sections 2125.01 and 2125.02 of the Revised Code, whether by settlement or otherwise, shall be distributed to the beneficiaries or any one or more of them, and unless the share of each is adjusted among themselves, the court making the appointment shall adjust such share in such manner as is equitable, having due regard to the pecuniary injury to each beneficiary resulting from such death and to the age and condition of such beneficiaries. In making such distribution, the court may also consider funeral expenses and other items of expense incurred by reason of the death."

The Congress of the United States, in line with the states, enacted the Federal Employers' Liability Act, Sections 51-60, Title 45, U.S. Code. Section 51 of this Act in part now provides that "every common carrier by railroad * * * shall be liable * * * in case of the death of such employee, to his or her personal representative * * *."

From the foregoing statutes, it appears that a cause of

action is created by law for wrongful death for the benefit of persons falling within a specified class. The phrase "cause of action" is used in the sense of—the ground on which an action may be maintained—the substantive law of legal liability.

In addition to the creation of a cause of action, the statutes provide for a specific remedy without which the cause of action cannot be maintained in a court of law. The remedy is specific in prescribing that the action be maintained by the personal representative of the deceased person.

As the petition states, the case before us is based upon a claimed executory contract between the widow of the deceased employee, Oscar A. Godwin, and the railroad, in which the railroad agreed to pay to the widow, Bessie L. Godwin, $20,000 cash "for a complete and full settlement of all her claims against said defendant by reason of the death of her husband."

Whether such a claimed contract, if established, has legal merit in the light of the facts before us, we are not called upon to decide for the reason that each step taken by the several participants in the instant case was preliminary to the commencement of an action by a statutory personal representative of the deceased in the Probate Court for the purpose of accomplishing a settlement of a claim under authority of the statute (Section 2125.02, Revised Code) and was in no sense a contract between the parties.

The facts before us upon which a contract is said to have arisen were negotiations only, preliminary to compliance with the statutory remedy.

It is axiomatic in contract law that when contracting parties know that something remains to be done to establish a contract relationship, no contract has been made. Here each party knew, or was charged by law with knowing, that by virtue of the statute under which they were negotiating, the personal representative of the deceased only, pursuant to the consent of the Probate Court, could settle the wrongful death claim for the benefit of all persons, including the son of the deceased.

For the obvious reason that a binding contract has not been established, the judgment must be reversed.

We have based our decision on the ground of "no contract" and refrain from passing on the question posed by appellant as

to whether under any circumstances a widow of a deceased employee has ''her own individual claim for such death that may be validly settled with the employer-railroad.''

The judgment is reversed and final judgment is entered for the appellant.

*Judgment reversed.*

DOYLE, P. J., and HUNSICKER, J., concur.