Sally M. McCLUSKEY, Chautauqua County Treasurer and Administratrix of the Estate of Ernest Lee Flowers, Plaintiff,

v.

ROB SAN SERVICES, INC., Piggy Back Leasing Corp. and Calvin B. Miller, Defendants.

No. C–2–75–41.

United States District Court, S. D. Ohio, E. D.

June 24, 1977.

Robert A. Marcis, Cleveland, Ohio, Nelson Lancione, Columbus, Ohio, for plaintiff.

Richard L. Miller, Richard A. Frye, Columbus, Ohio, for defendants.

## OPINION AND ORDER

DUNCAN, District Judge.

This is an action for wrongful death brought by Sally M. McCluskey, who was duly appointed administratrix of the estate of Ernest Lee Flowers by the Surrogate's Court of Chautauqua County, New York, on September 17, 1973. This action was brought under the Ohio wrongful death statute, R.C. 2125.01, which requires that an action for wrongful death be brought in the name of the decedent's personal representative for the exclusive benefit of the surviving spouse, children, and next of kin. The Court has jurisdiction under 28 U.S.C. § 1332.

This matter is presently before the Court on the defendants' motion for summary judgment. In connection with the motion for summary judgment, the parties have filed a stipulation of facts and a "Stipulation of Additional Facts." Prior to the filing of the second stipulation, the plaintiff moved for leave to amend the original stipulation. The motion to amend now appears to be moot and is therefore DENIED.

Ernest Lee Flowers was struck and killed on April 4, 1973, by a tractor-trailer rig driven by defendant Calvin B. Miller. Mr. Miller was operating the vehicle in the course and scope of his employment with defendant Flo Industries, Inc. Defendant Rob San Services, Inc. owned the tractor; and defendant Piggy Back Leasing owned the trailer. The decedent is survived by a widow, Sarah Gibbons Flowers, and five minor children, all of whom reside together in the state of Georgia. Sarah Flowers and the five children constitute all of the decedent's next of kin.

The decedent was separated from his wife at the time of his death. From 1963 to

1971 the decedent lived in Florida with Hattie King. From 1972 until the time of his death the decedent resided in New York with Ms. King. Although the decedent and Ms. King represented themselves as husband and wife, and purported to marry in 1972, the marriage between the decedent and Sarah Flowers was not legally terminated until the decedent's death. During the time that the decedent lived and worked in New York, he made regular contributions to the support of his children living in Georgia.

The motion for summary judgment is based upon a settlement and release executed by the decedent's widow, Sarah Gibbons Flowers. The release was executed in Chatham County, Georgia, on August 14, 1973, by Sarah Flowers on behalf of herself and her five minor children in consideration for a payment of Ten Thousand Dollars ($10,000.00). The parties have stipulated that the release document filed herein is authentic and that Sarah Flowers signed this document with full legal capacity, voluntarily, and without duress. The defendants claim that the release constitutes an absolute bar to this action. Plaintiff contends that the release is without legal effect. Counsel have agreed that if summary judgment is appropriate as to any defendant, it is appropriate as to all defendants.

This Court is required to apply Ohio law in diversity cases, including Ohio choice of law rules. *Day and Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975). Plaintiff argues that the release is an affirmative defense to the wrongful death action, and that the Ohio choice of law rule for torts requires the law of the place of injury to be applied. The defendants contend that the release is a contract, and that the Ohio conflict of law rule applies the law of the state where the contract is executed. Generally, a release is a contract, the validity of which is to be determined by reference to the principles of contract law. 9 O.Jur.2d Compromise and Settlement, § 10. The validity and interpretation of a contract is governed in Ohio courts by the laws of the state where the contract is made or is to be performed. *See, Alropa Corp. v. Kirchwehm*, 138 Ohio St. 30, 34–36, 33 N.E.2d 655 (1941); *The Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company v. Sheppard*, 56 Ohio St. 68, 78, 46 N.E. 61 (1897). The present contract was executed in Georgia, and the consideration for it passed to Sarah Flowers in Georgia. The contract appears to have been fully performed by both sides. Georgia law does not require court approval for the settlement of wrongful death actions, Georgia Code Annotated, § 105–1302.

The Ohio conflict of law rule for torts generally follows the rule of *lex loci*, or the law of the place of injury. *See, Ellis v. Garwood*, 168 Ohio St. 241, 152 N.E.2d 100 (1958); *but see, Fox v. Morrison Motor Freight, Inc.*, 25 Ohio St.2d 193, 267 N.E.2d 405 (1971). An action for wrongful death is a statutorily created tort action. Plaintiff argues that a release defense must be interpreted as an affirmative defense to this tort action and that Ohio law must be applied to determine the validity of the release. Ohio has statutory provisions governing the settlement and release of wrongful death actions. R.C. 2125.02 provides in part:

> Such personal representative, if he was appointed in this state, with the consent of the Court making such appointment may, at any time before or after the commencement of the suit, settle with the defendant the amount to be paid.

Plaintiff contends that the release in this case is not binding because the settlement did not receive court approval.

When the decedent is represented by a personal representative appointed by an Ohio court, it is clear that the settlement of a wrongful death action is an affirmative defense which places upon the defendant the burden of proving both the settlement and the consent of the probate court. 16 O.Jur.2d Rev. Death, § 209. I note that the plaintiff was not a party to the release agreement, nor is Sarah Flowers a party to the present action. I do not believe that the release has changed the nature of the present case from one in tort to one in contract. Ohio law would therefore treat

the release as an affirmative defense to the tort action and apply Ohio law since the injury causing death occurred in Ohio. The Court's determination that the validity and effect of the release is controlled by Ohio law is not, however, dispositive of this case. I do not believe that R.C. 2125.02 automatically requires court approval of all settlements of wrongful death actions.

A wrongful death action must be brought in the name of the personal representative of the decedent, but is for the exclusive benefit of the surviving spouse, children, and next of kin. R.C. 2125.02. A personal representative appointed in another state may bring a wrongful death action in Ohio under R.C. 2125.01. *See*, R.C. 2113.75. Section 2113.75 provides that

> An executor or administrator appointed in any other state or country may commence and prosecute an action or proceeding in any court in this state, in his capacity as executor or administrator, *in like manner and under like restrictions as a nonresident is permitted to sue.* (Emphasis added.)

I note that R.C. 2113.75 places a nonresident personal representative suing in Ohio in the same position as other nonresident plaintiffs rather than the position of a personal representative appointed in Ohio.

■ Section 2125.02 requires probate court approval "if he [the personal representative] was appointed in this state." Neither the Ohio probate code nor the case law offer the Court an explanation for the requirement of Court approval, nor do they explain the significance of the proviso "if he was appointed in this state." Although I can agree with the plaintiff that the purpose of this section is the protection of the decedent's beneficiaries, I cannot agree that a release lawfully executed is ineffective. I believe that the protection afforded the beneficiaries is from the actions of the decedent's personal representative and not from their own actions.

■ Vesting the wrongful death cause of action in the personal representative protects the defendant from multiple suits for the same wrong since the beneficiaries are bound by the action. Neither the personal representative nor the estate, however, has an interest in the action since it is for the exclusive benefit of the surviving spouse, children, and next of kin. In fact, the statute does not require that the personal representative bring the action, "but merely provides that the action, if brought, shall be brought in the name of the personal representative. *Douglas v. Daniels Bros. Coal Co.*, 135 Ohio St. 641, 647, 22 N.E.2d 195, 198 (1939). I believe the primary purpose of the settlement provisions of R.C. 2125.02 is to insure that the personal representative faithfully performs his fiduciary duty to the beneficiaries of the wrongful death action. Requiring the Court's approval lessens the chances of a collusive or grossly inadequate settlement. This procedure also allows for the orderly discharge of the fiduciary's duties under the supervision of the probate court, and provides for the payment of any costs or expenses incurred in the action. To this extent the provision of R.C. 2125.02 can be likened to the requirement of court approval for the settlement of class actions under Fed.R.Civ.P. 23 and shareholder derivative actions under Fed.R.Civ.P. 23.1.

■ Several Ohio courts have recognized the validity of a release executed by a beneficiary of a wrongful death action executed prior to the appointment of a personal representative. See 16 O.Jur.2d Rev. Death § 108, n. 8; and *Burwell v. Maynard*, 21 Ohio St.2d 108, 111, 255 N.E.2d 628, 630 (Ohio 1970). In *Pilkington v. Saas*, 25 O.L. Abs. 663, 669 (Ct.App. Ohio 1937) the Court found that a release executed by the sole next of kin during the lifetime of the decedent constituted a bar to an action for wrongful death by the administrator of the decedent's estate. In *Featherolf v. Casserly*, 144 N.E.2d 114 (Ohio Ct.App.1956) the Franklin County Court of Appeals followed *Pilkington* in a case involving a release executed by the parents of a deceased minor.

The plaintiff relies primarily on *Matz v. Erie-Lackawanna Rd. Co.*, 2 Ohio App.2d 136, 207 N.E.2d 250 (1965). In that case the widow had negotiated a settlement of the

wrongful death action with the tortfeasor. The release was not signed, however, and no consideration was transferred. The parties to the agreement believed that a personal representative for the decedent must be appointed, and the settlement presented to the probate court for approval before it could be effective. The widow died before the appointment of a personal representative and the proposed settlement was not presented to the probate court. The court found that no contract for settlement had been created. In refusing to enforce the settlement agreement against the tortfeasor, the court stated:

> We have based our decision on the ground of "no contract" and refrain from passing on the question posed by appellant as to whether under any circumstances a widow of a deceased employee has "her own individual claim for such death that may be validly settled with the employer-railroad." *Matz*, 2 Ohio App.2d at 141, 207 N.E.2d at 254.

The court also stated that "[w]hether such a claimed contract, if established, has legal merit in the light of the facts before us, we are not called upon to decide . . . ." *Matz*, 2 Ohio App.2d at 141, 207 N.E.2d at 253.

In the present case a contract has been executed and performed. I do not believe, therefore, that the *Matz* case is controlling.

The plaintiff also cites *The Baltimore & Ohio Railroad Co. v. Hoffman*, 1 Ohio CC–NS 17 (1903). In that case the court held that a release executed by the decedent's widow did not bar an action by the personal representative for the benefit of the decedent's minor children. The court reasoned that the minor children could be bound only by a settlement approved by the probate court. In *Hoffman*, it was undisputed that the widow's release, although not approved by the probate court, precluded her from sharing in any damages awarded in the wrongful death action. It is also important to note that the widow was appointed the administratrix of the decedent's estate, by an Ohio court, prior to the execution of the release. Thus, *Hoffman*, unlike the present

case, fell squarely within the statutory provision requiring the probate court approval of settlements.

■ The plaintiff is technically correct in her contention that only a personal representative has title to the cause of action for wrongful death, and is the only party capable of settling and releasing such a claim. Since the action is for the exclusive benefit of the surviving spouse, children, and next of kin, however, a settlement and release by the beneficiary equitably estops that beneficiary from sharing in a wrongful death award. I believe that this is a correct statement of Ohio law. The result may well be different in a case where a personal representative is appointed in Ohio prior to the execution of the release, since the law may impose upon the tortfeasor a duty to deal with the personal representative. This is not the situation present, however, in the case at bar. Since the settlement was executed in this case prior to the appointment of any personal representative, the Court need not, and does not reach the question of the validity of a release executed after the appointment of a non-resident personal representative.

■ As a general principle, the law favors settlements, and they will be recognized absent a showing of an overriding conflicting policy. I believe that Ohio courts would apply this principle to settlements negotiated and executed by the beneficiaries of a wrongful death action with the tortfeasors. *Cf.* Annotation at 29 A.L.R.2d 1452. Plaintiff argues that this result will cause a race between the appointment of a personal representative and the settlement of actions with the "less sophisticated and skilled" widow and children of the decedent. I do not understand the construction of Ohio law applied in this case to operate without consideration of the legal principles of fraud, duress or mistake. In the present case there is no indication of any overreaching by the defendants.

■ Applying Ohio law, the Court finds that the release executed by Sarah Flowers precludes her from recovering any further

damages for the wrongful death of the decedent. The remaining question is the effect, if any, that the release has on the rights of the decedent's minor children. The release purports to be a settlement on behalf of the decedent's minor children and requires the widow to hold the consideration subject to the Georgia law of descents for the benefit of the minor children. If this provision is given effect it would constitute a bar to the present action on behalf of the decedent's children. If, however, the widow did not have the legal right to bind her children by the settlement and release, then this action could proceed for their benefit.

 Although I have found that the effectiveness of a release of an Ohio wrongful death action is controlled by Ohio law, I believe that the Ohio courts would apply Georgia law in determining whether a mother may release on behalf of her minor children. Once a release is found to be a valid affirmative defense under tort law, the construction and interpretation of the release becomes a matter of contract. Ohio courts would therefore apply the law of the state where the contract was executed and performed. *See, Alropa Corp. v. Kirchwelm, supra.* Under Georgia law a widow may release a claim for wrongful death without her children's consent, or the consent or approval of any representative of the children or a court, provided the recovery is held, in part, for the benefit of the children.

> A widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent, the full value of the life of the decedent, as shown by the evidence. The widow may release the alleged wrongdoer without the concurrence of any children or representative of a child without any order of court, provided the consideration for such release shall be held by the widow subject to the provisions of section 105–1304. Georgia Code Annotated, § 105–1302.

Thus, I believe that the provision of the release whereby the widow settles and releases on behalf of the minor children would be recognized and given effect by Ohio courts.

Even if Ohio law would not construe the release according to contract principles, I believe that Georgia law would be applicable to the present question. In *Fox v. Morrison Motor Freight, Inc.,* 25 Ohio St.2d 193, 267 N.E.2d 405 (1971) the Ohio Supreme Court adopted the "substantial state governmental interest" test for resolving choice of laws questions. In the present case Ohio has the greater governmental interest in the validity of a release of an action brought under the Ohio wrongful death statute for an injury and death occurring within the state. Ohio, however, has little concern over the relationship between nonresident parents and children. This is especially true where the decedent is not a resident of Ohio at the time of his death, nor is there any administration of the decedent's estate within Ohio. Although New York was the state of the decedent's residence and the place of the administration of his estate, damages for wrongful death, whether by settlement or judgment, do not become part of the decedent's estate. Since all of the beneficiaries of the wrongful death action reside in the State of Georgia, I believe that Georgia has the substantial governmental interest in the apportionment of damages and the legal relationship of parent and child. The rights, liabilities and duties of the parent and child relationship have long been recognized as matters of a primarily local concern. Absent some overriding policy, I do not believe that the courts of Ohio would upset the law of Georgia which allows a parent to settle a wrongful death action on behalf of the child.

 As early as 1907 the Ohio courts held that the rule of *lex loci* does not automatically apply to the distribution of damages for wrongful death. See, *Miller v. Miller,* 9 Ohio CC–NS 315 (1907). Since I believe that the distribution of damages would be of substantial interest to the State of Georgia, it follows that the release by a widow for the sum to be held, in part, for the benefit of the children is a form of

distribution and is also controlled by Georgia law.

I also note a practical reason for the result reached herein. Having found that the release is binding upon Sarah Flowers, she is obligated in accordance with the provisions of the agreement. If the plaintiff were allowed to recover damages for the benefit of the decedent's children, the defendants would be entitled under the settlement agreement to seek indemnification from the children's mother, Sarah Flowers. Such a result could very well be detrimental instead of beneficial to the decedent's children.

For all of the above reasons, I find that the defendants' motion for summary judgment is meritorious. It is ORDERED that the defendants' motion for summary judgment be, and it hereby is, GRANTED. The Clerk will enter judgment in favor of all defendants.

So ORDERED.