FOSNIGHT, Admr., Appellant,

v.

ESQUIVEL, Admr., Appellee, et al.

[Cite as *Fosnight v. Esquivel* (1995), 106 Ohio App.3d 372.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13-95-21.

Decided Sept. 18, 1995.

---

1. Reporter's Note: No certification of conflict has been filed in the Supreme Court of Ohio.

*W. Patrick Murray* and *William H. Bartle,* for appellant.

*Stephen C. Betts,* for appellee Margaret Esquivel.

*Robert E. Hollister,* for Western Reserve Mutual Casualty Company.

HADLEY, Judge.

Plaintiff-appellant, Lonnie J. Fosnight, appeals from the judgment entry of the Seneca County Court of Common Pleas granting the motion to enforce settlement of defendant-appellee, Margaret Esquivel, administrator of the estate of John Esquivel.

This case originally stems from a complaint filed by appellant, individually and as administrator of the estate of appellant's son, Rodney Fosnight ("Rodney"),[1] who was killed as a result of an automobile collision with a vehicle driven by John

---

1. Rodney is also survived by minor children.

Esquivel.[2] The issue of John Esquivel's liability was decided by summary judgment on August 2, 1993. Pertinent to this appeal, appellant eventually filed a motion for summary judgment on December 15, 1994, asserting that the total liability limit under John Esquivel's insurance policy was $30,000.[3] On January 31, 1995, appellee filed a memorandum in opposition and requested the enforcement of a settlement agreement for the $15,000 limit. Subsequently, appellant filed a response, and a hearing was held on February 28, 1995.[4]

On March 14, 1995, appellee filed a motion to enforce the settlement agreement or, in the alternative, a motion for summary judgment and, on March 21, 1995, appellant filed a response. In its judgment entry of March 29, 1995, the trial court granted appellee's motion to enforce settlement.

It is from this judgment entry that appellant presents the following assignments of error.

## Assignment of Error No. 1

"The trial court erred in granting defendant Estate of John Esquivel's motion to enforce the purported settlement, since the administrator of an estate cannot settle a wrongful death claim without probate court approval."

Appellant maintains that the purported settlement agreement is not binding absent the consent of the probate court. In support of his contention, appellant cites to R.C. 2125.02(C).

The proceedings for wrongful death actions are governed by R.C. 2125.02. Specifically, R.C. 2125.02(C) reads:

---

2. Appellant's insurer, Western Reserve Mutual Casualty Company ("Western"), was named as a defendant along with appellee. Western and appellant entered into stipulations. Included in the stipulations were that John Esquivel was insured for $15,000 and that Western would pay $85,000 absent any applicable policy exclusions. Appellee was not a party to the stipulations. The trial court, however, upon a motion by appellant, found that any stipulations which conflicted with *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, were unenforceable. Ultimately, the trial court granted Western's summary judgment motion, finding that appellant was barred from collecting underinsurance benefits based on an exclusion in the policy. This court reversed the judgment and remanded the case for further proceedings. *Fosnight v. Esquivel et al.* (Sept. 21, 1994), Seneca App. No. 13–94–3, unreported, 1994 WL 514048. Appellant and Western eventually settled and a judgment entry of dismissal was entered on May 1, 1995.

3. The coverage included $15,000 per person and $30,000 per accident.

4. Regarding this hearing, the trial court in its March 2, 1995 journal entry ruled on the previously discussed stipulations based on the file and counsel's arguments. The trial court then requested any supplemental memoranda and stated it would make its ruling on appellant's summary judgment motion accordingly.

"A personal representative appointed in this state, with the consent of the court making the appointment and at any time before or after the commencement of an action for wrongful death, may settle with the defendant the amount to be paid."

■ The statute clearly mandates that a personal representative appointed by a probate court must obtain that court's consent regarding a settlement agreement. *Matz v. Erie–Lackawanna RR. Co.* (1965), 2 Ohio App.2d 136, 141, 31 O.O.2d 241, 244, 207 N.E.2d 250, 253–254; *Stein v. Brown* (Oct. 3, 1984), Summit App. No. 11660, unreported, 1984 WL 3980, reversed on other grounds (1985), 18 Ohio St.3d 305, 18 OBR 352, 480 N.E.2d 1121. See, also, *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 94, 545 N.E.2d 83, 92, overruled in part on other grounds, *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 504, 620 N.E.2d 809, 813.

■ In the instant case, appellant declares that he was appointed as administrator by the Sandusky County Probate Court. Appellee does not dispute this assertion.[5] Pursuant to R.C. 2125.02(C), the probate court must approve any settlement. Since there is no such probate court approval in the record, the settlement fails to comply with the statutory requirements and, as a result, the trial court erred in finding the settlement enforceable.

Appellant's first assignment of error, therefore, is well taken.

### Assignment of Error No. 2

"The trial court erred in not granting plaintiff's motion for summary judgment, finding that each next of kin of Rodney Fosnight could collect under the Esquivel estate's liability policy the per person limits of fifteen thousand dollars ($15,000) subject to the per accident limit of thirty thousand dollars ($30,000)."

■ Because the trial court's finding of an enforceable settlement encompasses the issue raised in appellant's summary judgment motion, we next address appellant's assertion that the available liability coverage is $30,000.[6]

Pursuant to Civ.R. 56(C), summary judgment is appropriate where "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean*

---

5. Although the record indicates that the parties negotiated a proposed settlement, it also demonstrates the awareness of appellee's counsel of the required consent of the probate court.

6. In its judgment entry, the trial court did not expressly deny appellant's summary judgment motion.

*United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Furthermore, the Supreme Court of Ohio, in *Savoie v. Grange Mut. Ins. Co.,* 67 Ohio St.3d at 504, 620 N.E.2d at 812–813, held:

"[E]ach person who is presumed to have been damaged as a result of a wrongful death, to the extent of his or her damages, may collect from the tortfeasor's liability policy up to its per person limits subject to any per accident limit. Liability policy provisions which purport to consolidate wrongful death damages suffered by individuals are unenforceable * * *."

In accordance with *Savoie,* the total available coverage in the instant case is the per accident limit of $30,000. The trial court erred, therefore, in failing to grant summary judgment to appellant on this matter. Appellant's second assignment of error is well taken.

The judgment entry of the Seneca County Court of Common Pleas is reversed, and the cause remanded in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

SHAW, J., concurs.

EVANS, J., dissents.

EVANS, Judge, dissenting.

I respectfully dissent in this case because I find that the record demonstrates the attorneys for the parties had entered into a contract in settlement of the case. However, this contract was subject to a condition subsequent: the approval of the probate judge making the appointment of Lonnie J. Fosnight as administrator of his son's estate. Without this approval the contract is not enforceable and is terminated. Nevertheless, in my opinion the attorneys entered into a binding contract which could be performed upon receiving the approval of the probate judge.

The trial court used the word *enforceable* in ruling on the settlement but, of course, this settlement is not enforceable in its present form. It still needs the approval of the probate judge before a court could order performance of the agreement. This lack of approval does not change the fact that the parties have a binding contract which governs the settlement of this case. Since all parties in this matter were aware of the need for the approval of the probate judge, I conclude that the trial court used the word enforceable to mean the contract was binding on the parties and, upon receiving the approval of the probate court, must be performed.

Based on this analysis I would overrule the first assignment of error and remand the case to the trial court with instructions to order the agreement submitted to the probate court for approval. If approval is forthcoming the case is settled according to the terms of the agreement. If approval is not forthcoming the agreement is terminated because of the failure of the condition subsequent and the litigation must proceed to its conclusion. In view of this disposition, I would also find the second assignment of error moot.