The Federal Employer's Liability Act (FELA) provides for two separate and distinct causes of action — one that compensates an injured employee for his personal loss and one that compensates a specified class of beneficiaries for their pecuniary loss if the employee dies as a result of his injuries. 45 U.S.C. § 51
(1939). The first cause of action survives an employee's death and, in a case such as this one, the administrator of the employee's estate "may recover in the same action not only for the pecuniary loss sustained by the beneficiaries, but also damages on account of [the] conscious pain and suffering of [the] deceased." Chafin v. Norfolk W. Ry., 80 W. Va. 703, 708,93 S.E. 822, 824 (1917) (citing Kansas City Sou. Ry. v. Leslie,238 U.S. 599, 35 S.Ct. 844, 59 L.Ed. 1478 (1915); St. Louis, I.M. S.Ry.v. Craft, 237 U.S. 648, 35 S.Ct. 704, 59 L.Ed. 1160 (1915); GreatNorthern Ry. v. Capital Trust Co., 242 U.S. 144, 37 S.Ct. 41,61 L.Ed. 208 (1916)). Any damages recovered on that cause of action are distributed to the eligible beneficiaries under the provisions of FELA and not through the deceased employee's estate. Frabutt v. New York, 84 F. Supp. 460 (W.D.Pa. 1949). In fact, the personal representative of the employee's estate is not given any cause of action on behalf of the estate, but is invested as statutory trustee for the surviving beneficiaries designated under FELA. Burlington Northern Ry. v. Warren,574 So.2d 758, 762 (Ala. 1990). It is important to note that the designated survivors have no power to maintain an action under FELA, American Ry. v. Birch, 224 U.S. 547, 32 S.Ct. 603,56 L.Ed. 879 (1912), and, therefore, have no power to settle claims brought under FELA. Burlington Northern, 574 So.2d at 762 Matz v.Erie-Lackawanna R.R., 2 Ohio App.2d 136, 207 N.E.2d 250 (1965).
Major Holmes sued his employer to collect under FELA for his personal loss and the pain and suffering that accompanied his illness; however, before that action could be resolved, Major Holmes died. As the majority discusses in its opinion, the settlement agreement made between Major Holmes and Burlington Northern Railroad was not reduced to writing or entered on the record before his death, as required by § 34-3-21, Ala. Code 1975. However, the majority avoids strictly interpreting §34-3-21, and thus avoids distributing the proceeds under the FELA guidelines, by affirming the trial court's application of the common-law doctrine of ratification.
The trial court held that the agreement of Major Holmes's surviving spouse, Dorothy Holmes, to settle the FELA action related back and acted as a ratification of her husband's earlier settlement of the case. In affirming that decision, the majority concludes that because Dorothy Holmes received the "benefit" of the settlement, she had the power to ratify and confirm the settlement originally agreed to by her husband. The majority also cites the trial court's findings and states that those findings *Page 319 
are entitled to a presumption of correctness. I believe, however, that the trial court made an error of law in determining that Dorothy Holmes, one of several people who would receive money from Major Holmes's estate, had the power to ratify the settlement agreed to by her husband. The standard suggested by the majority would allow anyone "benefiting" or taking through the estate, not just the personal representative, to ratify and confirm this kind of settlement to the benefit of the estate. This not only extinguishes the second cause of action, which is based on the pecuniary loss of the designated survivors, but also allows an end run around one express purpose of FELA, to provide benefits to the dependent survivors of deceased employees.
In regard to the power of the personal representative, as discussed above, the nature of the FELA claim and the role of the personal representative changed drastically upon Major Holmes's claim. Although a party's personal representative can generally ratify a settlement that is entered into but not finalized before the party's death, this kind of ratification operates in those instances where the cause of action survives the party's death to the benefit of the party's estate. See Kresnak, v. Kresnak,190 Mich. App. 643, 476 N.W.2d 650 (1991). Although under FELA the deceased employee's cause of action survives his death, the cause of action survives to the benefit of the beneficiaries and not the estate. However, it must be remembered that the beneficiaries do not have the right to settle a claim based on such a cause of action, because only the deceased employee's personal representative can settle a FELA action as trustee and on behalf of the designated beneficiaries.[1]
This aspect alone calls into question the settlement document signed by Dorothy Holmes. But more troubling is the fact that the clear language of the settlement agreement signed by Ms. Holmes indicates that she agreed to settle, on behalf of the beneficiaries, those claims arising "as a result of the death of Major Holmes, Jr." Under FELA, the only cause of action resulting from the death of an employee belongs solely to the beneficiaries designated under FELA and any proceeds based on this cause of action are, clearly, to be distributed under the provisions of that statute and not through the deceased's estate.
Based on the foregoing, I respectfully dissent.
[1] It concerns me that Major Holmes's personal representative testified that the enforcement of the settlement would be to the benefit of the estate. I found no inclination that the personal representative gave any thought to his role as statutory trustee on behalf of the designated beneficiaries under FELA.