[Cite as *State ex rel. Boyd v. Ambrose*, 2011-Ohio-6485.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97670**

# STATE OF OHIO, EX REL.,
# PATTY BOYD, INDIV. & ADMIN., ETC.

RELATOR

vs.

# JUDGE DICK AMBROSE

RESPONDENT

# JUDGMENT:
# COMPLAINT DISMISSED

Writ of Prohibition
Order No.   450247

**RELEASED DATE:**   December 12, 2011

**FOR RELATOR**

William J. Novak
Novak, Robenalt & Pavlik, LLP
1660 W. 2nd Street Ste 950
Cleveland, OH 44113

**ATTORNEY FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor
Justice Center, 9th Fl.
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE:

{¶ 1}   Patty Boyd, individually and as administratrix of the estate of Emmett F. Boyd, seeks a writ of prohibition in order to declare as void, the judgments, as rendered by Judge Dick Ambrose in Boyd v. Cleveland Clinic Foundation, et al, Cuyahoga County Court of Common Pleas Case No. CV-660101, with regard to the enforcement of a settlement agreement.   Specifically, Boyd seeks prohibition in order to declare as void (1) the order of Nov. 30, 2010, that granted a motion to enforce settlement; and (2) the order of Nov. 14, 2011, that denied a Civ.R.60(B) motion for relief from judgment.   For the following reasons, we sua sponte dismiss the complaint for a writ of prohibition.

{¶ 2}   A writ of prohibition constitutes a legal order that is intended to enjoin a court of inferior jurisdiction from acting beyond the scope of its jurisdiction.   State ex

rel. Tubbs Jones v. Suster, 84 Ohio St.3d 70, 1998-Ohio-275, 701 N.E.2d 1002. In order for this court to issue a writ of prohibition, Boyd must establish that (1) Judge Ambrose is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is not authorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of the law. State ex rel. Sliwinski v. Burnham Unruh, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 201; State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas, 74 Ohio St.3d 19, 1995-Ohio-96, 655 N.E.2d 1303. An adequate remedy at law will preclude relief in prohibition. State ex rel. Lesher v. Kainrad (1981), 65 Ohio St.2d 68, 417 N.E.2d 1382; State ex rel. Sibarco Corp. v. City of Berea (1966), 7 Ohio St.2d 85, 218 N.E.2d 428 . Furthermore, absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction over an action possesses the legal authority to determine its own jurisdiction, and a party challenging its jurisdiction possesses an adequate remedy at law by way of a post-judgment appeal. Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm., 74 Ohio St.3d 120, 1995-Ohio-302, 656 N.E.2d 688.

{¶ 3} It is abundantly clear that Judge Ambrose possesses original general jurisdiction over all civil cases, including a wrongful-death action. R.C. 2305.01; Seventh Urban, Inc. V. University Circle Property Dev., Inc. (1981), 67 Ohio St.2d 19, 423 N.E.2d 1070; State ex rel. Mastracci v. Rose (1947), 79 Ohio App. 556, 72 N.E.2d 582. In addition, Boyd possesses an adequate remedy at law through a direct appeal of the judgment that denied the Civ.R. 60(B) motion for relief from judgment. Cf. Stacy et

al., v. Nationwide Mut. Ins. Co. (1998), 125 Ohio App.3d 658, 709 N.E.2d 519; Ohio

Fosnight v. Esquivel (1995), 106 Ohio App.3d 372, 666 N.E.2d 273; Withers v.

Nationwide Mut. Ins. Co. (Nov. 26, 2004), Seventh App. District No. 04-MA-39.

{¶ 4} Accordingly, we sua sponte dismiss Boyd's complaint for a writ of

prohibition. Costs to Boyd. It is further ordered that the Clerk of the Eighth District

Court of Appeals serve notice of this judgment upon all parties as required by

Civ.R.58(B).

Complaint dismissed.


MARY EILEEN KILBANE, PRESIDING JUDGE

MARY J. BOYLE, J., and
LARRY A. JONES, J., CONCUR