[Cite as *Boyd v. Cleveland Clinic Found.*, 2012-Ohio-2513.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97703**

## PATTY BOYD

PLAINTIFF-APPELLANT

vs.

## CLEVELAND CLINIC FOUNDATION, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**REVERSED AND REMANDED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-660101

**BEFORE:** Blackmon, A.J., Sweeney, J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 7, 2012

**ATTORNEYS FOR APPELLANT**

William J. Novak
Scott D. Perlmuter
Novak & Pavlik, L.L.P.
1660 West Second Street
Suite 950
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Steven J. Hupp
Jennifer R. Becker
Bret C. Perry
Bonnezzi, Switzer, Murphy, Polito
and Hupp, Co., L.P.A.
1300 East Ninth Street
Suite1950
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, A.J.:

{¶1}   Appellant Patty Boyd appeals the trial court's denial of her motion to vacate judgment and assigns the following error for our review:

**I. The trial court committed reversible error by failing to vacate its erroneous judgment enforcing a settlement on behalf of plaintiff's decedent's estate without prior approval of the settlement from the probate court.**

{¶2}   Having reviewed the record and pertinent law, we reverse the trial court's decision and remand for proceedings consistent with this opinion.  The apposite facts follow.

{¶3}   On May 21, 2008, Boyd, as executrix of the estate of her late husband, Emmet Boyd, re-filed a medical malpractice complaint against the Cleveland Clinic Foundation Health System ("Cleveland Clinic").   Boyd alleged claims for wrongful death, as well as for pain and suffering.   In addition, Boyd sought declaratory judgment regarding the constitutionality of SB-281 and SB-120.

{¶4}   On September 1, 2010, Boyd's former counsel advised the trial court that Cleveland Clinic had offered Boyd the sum of $30,000 to resolve all claims, and the case was settled.   Thereafter, the trial court dismissed the case with prejudice.

{¶5}   On September 10, 2010, the trial court conducted a telephone conference with the respective counsel.  Boyd's counsel advised the trial court that his client had withdrawn her consent to settle and would proceed to trial.   The Cleveland Clinic advised that they intended to file a motion to enforce the settlement agreement.

{¶6} On September 13, 2010, Boyd filed a motion to withdraw the consent to settle, while on September 17, 2010, the Cleveland Clinic filed a motion to enforce the settlement agreement. On November 29, 2010, the trial court conducted an evidentiary hearing with the respective counsel and Boyd present. The trial court determined that a valid settlement had been reached by the parties and issued a decision upholding the agreement.

{¶7} On March 2, 2011, Boyd filed motions to vacate settlement agreement and for enlargement of time to file an appeal, as well as a motion for enlargement of time to hire a new attorney. Two days later, the trial court denied the motions. On October 26, 2011, Boyd, with new counsel, filed a second motion for relief from judgment pursuant to Civ.R. 60(B). On November 14, 2011, the trial court denied the motion.

## Motion to Vacate

{¶8} In the sole assigned error, Boyd argues the trial court erred when it denied her motion to vacate the decision upholding the alleged settlement agreement.

{¶9} In order to prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate the following: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *Agarwal v. Matthews*, 8th Dist. No.

96950, 2012-Ohio-165, citing *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶10} A trial court is vested with discretion in determining whether to grant a motion for relief from judgment under Civ.R. 60(B), and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. *Blount v. Smith*, 8th Dist. No. 96991, 2012-Ohio-595, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564,(1988). An abuse of discretion involves more than an error of judgment; it requires that the court has made an unreasonable, arbitrary, or unconscionable decision. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶11} However, a judgment rendered without proper jurisdiction over the action or the defendant is void rather than voidable. *BAC Home Loans Servicing, L.P. v. Komorowski*, 8th Dist. No. 96631, 2012-Ohio-1341, citing *Patton v. Deimer*, 35 Ohio St.3d 68, 70, 518 N.E.2d 941 (1988). If the judgment is void, the trial court has the inherent power to vacate the judgment and a party need not seek relief under Civ.R. 60(B). *Id*.

{¶12} In the instant case, the record reveals that Boyd maintained that her former counsel accepted the Cleveland Clinic's offer of $30,000 without her consent, then attempted to pressure her into accepting the offer, which she categorically declined. On the other hand, Boyd's former counsel claimed he had her authority to settle the case. Ultimately, as previously discussed, the trial court determined that the parties had reached a valid settlement agreement.

**{¶13}** Here, laboring under the presumption that the trial court's journal entry upholding the alleged settlement is voidable, Boyd argues she is entitled to relief from judgment pursuant to Civ.R. 60(B). However, for the reasons that follow, we conclude the trial court's journal entry was void.

**{¶14}** R.C. 2125.02(C) states that the personal representative appointed by the probate court may settle the wrongful death action with the consent of the probate court. *Withers v. Nationwide Ins. Co.,* 7th Dist. No. 04 MA 39, 2004-Ohio-6379. This statute clearly mandates that the personal representative must obtain the probate court's consent to settle a wrongful death action. *Fosnight v. Esquivel*, 106 Ohio App.3d 372, 375, 666 N.E.2d 273 (3rd Dist.1995), citing *Matz v. Erie-Lackawanna R.R.*, 2 Ohio App.2d 136, 141, 207 N.E.2d 250 (9th Dist.1965).

**{¶15}** Moreover, wrongful death settlements are void when the probate court's approval is not sought or obtained. *Lincoln Gen. Ins. Co. v. Pipino*, 7th Dist. No. 06 MA 125, 2007-Ohio-5046. Here, regardless of the parties' respective contentions surrounding the alleged $30,000 settlement, the probate court's approval was never sought or obtained. Thus, given that the probate court has exclusive jurisdiction to approve wrongful death settlements, the trial court did not have the authority to dismiss Boyd's case against the Cleveland Clinic.

**{¶16}** Consequently, the trial court's journal entry is void and must be vacated. As such, the requirements of Civ.R. 60(B) does not need to be met. Accordingly, we sustain Boyd's sole assigned error.

**{¶17}**   Judgment reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee her costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

JAMES J. SWEENEY, J., and
LARRY A. JONES, SR., J., CONCUR