## AUTHORITY TO SETTLE DEATH CLAIM—THE FELLOW SERVANT ACT.

[Circuit Court of Knox County.]

THE BALTIMORE & OHIO RAILROAD CO. v. JOYCE HOTTMAN, ADMINISTRATRIX.

Decided, April, 1903.

*Action for Wrongful Death—Authority of Administratrix to Settle—Constitutional Law—Excessive Damages.*

1. A settlement by the widow and administratrix of a decedent killed by a wrongful act is void as against the minor children of the deceased, where it does not appear that the probate court consented to and approved the settlement.

2. Section 3365-22, Revised Statutes of Ohio, known as the "fellow servant act," is constitutional.

3. A verdict for $5,500 in favor of two minor children of a locomotive fireman, thirty-three years of age and earning $75 per month, is not excessive.

The Facts Stated.

J. E. Hottman, the decedent, while employed by the B. &. O. R. R. Co., as brakeman on a freight train, was killed on November 7, 1900, in a collision near Belleville, Ohio, brought about by the negligence of the conductor and engineer of another freight train. He was at the time a member of the relief department of the B. & O. R. R. Co., a feature of which relief department is a certain insurance scheme, whereby in consideration of the payment of certain premiums, his wife became entitled to receive $1,000 in case of his death. The widow, Joyce Hottman, was appointed administratrix of her husband's estate, and proceeded to collect the $1,000 payable to her as insurance money, for which she signed a receipt as widow and as administratrix, and for which release she was paid nothing except the $1,000 insurance money. The decedent left two children of tender years, who were not entitled to any part of the $1,000 insurance money, and received no part of it. Thereafter, in February, 1901, the present suit was brought on behalf of the two minor children, claiming $9,000 damages for the wrongful death of their father, and a jury awarded a verdict upon which judgment was rendered in their favor for $5,500. No claim was made upon behalf of the widow.

The trial judge charged the jury that the evidence offered by the defendant, showing vouchers and papers signed in settlement by Joyce Hottman as widow and as administratrix, did not bind the minor children, for the reason that the consent of the probate court, as required by Section 6135 in order to make a valid settlement by the administratrix for the children, had not been obtained, and further that the widow being entitled to the entire sum of $1,000, no part of which was paid to the children, the release was as to them without consideration and void.

It was argued in behalf of the children that the statute, Section 6134, conferring the right of action for wrongful death is a new principle unknown to the common law: Davis v. Justice, 31 O. S. 363; Kirchner v. Meyers, 35 O. S., 85. Then follows Section 6135, which confers upon the personal representative a qualified power to settle, which can only be exercised by the consent of the court which appointed the personal representative, who is a merely nominal party in such proceedings: Wolf v. Railway Co., 55 O. S., 517, 530; Stewart v. B. & O. R. R. Co., 168 U. S.; Barber v. Cary, 11 N. Y., 397; Gulick v. Griswold, 160 N. Y., 398; Masterson v. Stevens, 37 S. W., 364, and 90 Texas, 417; Berriman, trustee, v. Thomas, 65 Ga., 61; Loring, trustee, v. Salsbury Mills, 125 Mass., 138; Simpson v. Hornby, 2 Vt., 723, Ch. Pr. 452; R. R. Co., v. McCamey, 12 O. C. C., 543; Helman v. Ry. Co., 58 O. S., 401. And as to the constitutionality of the fellow servant act there was cited: Pierce v. Van Dusen, 78 Fed. Rep., 697; Froelich v. Ry. Co. (Circuit Court of Toledo), not yet reported; Roe v. Ry. Co. (Huron Common Pleas), 68 O. L. B., p. 260, Jan. 26, 1903.

McCARTY, J. (orally); VOORHEES, J., and DONAHUE, J., concur.

This is an action by the personal representative to recover for what is known as a death loss. An injury to the decedent in this case resulted in his death and Joyce Hottman, his widow, was appointed administratrix of his estate and thereby authorized to bring an action against the Baltimore & Ohio Railroad Company for that death and the loss occasioned thereby.

There are several questions of importance—intricate questions—involved in this record. Mr. Hottman, while in the service of the railroad company became a member of the benefit association of the

company.    He signed an application for membership therein and made a contract by the terms of which, in case of death, the widow as beneficiary, became entitled to receive $1,000, in consideration of which the widow was to execute a voucher releasing the company from any and all liability by reason of the death of decedent, and also a voucher by her in her representative capacity also releasing the railroad company from any liability on account of the death.

The action was brought in the court below by this widow as the personal representative of the decedent, making the usual averments as to the negligence of the company, the death resulting thereby, and that he left at his death his widow and two minor children; that the widow had foreclosed and estopped herself by means of these vouchers from making any claim in her own behalf so that she brought the action solely for the benefit of the two children, one four and the other two years old and expressly disclaims making any claim on her own behalf on account of the death.    I will read enough of the petition to show that she disclaimed making any claim on her own behalf:

"The plaintiff further says that after her appointment as administratrix, as aforesaid, without the advice of counsel, and without the advice or consent of the probate court which appointed her, and without knowing that she had a right to apply to the probate court for advice, she accepted the sum of $1,000 from the relief or insurance department of said defendant company, and signed a paper in the form of a full release of her right of action, as said administratrix, for the death of her husband, as aforesaid.    Plaintiff is informed that she is thereby estopped from claiming anything as a beneficiary in this action, and therefore brings this action for the sole benefit of her two children, as aforesaid, who have been damaged in the premises in the sum of $9,000, for which plaintiff prays judgment."

Now that is the claim made in the petition.    That is the prayer of the petition and it is an express disclaimer on the part of the plaintiff of anything in her own behalf by reason of the death of her husband, setting forth in express terms that she without the advice of counsel, having received that $1,000 was thereby estopped from making any further claim and there is no doubt about the truth of that.

Defendant for a second answer to plaintiff's petition, sets up the contract of insurance providing that the company shall pay in case of death to the widow as beneficiary the sum of $1,000 which payment shall be a complete and full discharge of the railroad company as to any liability on account of the death loss whether the company was guilty of negligence or not; so that the question is squarely made whether, this widow acting in her representative capacity and bringing this action on behalf of the children, by signing these vouchers which she did sign both as widow and as administratrix, has foreclosed the right of these children to recover from the railroad company.

One of these children was two years of age and the other four. Of course, nobody would contend that they had any power to consent. The question is whether this representative could consent *for them*. Now we are free to admit that she could consent for them providing she did so in pursuance of the statute. The statute authorizes a settlement to be made after action is brought, or before, by the consent of the court which appointed the legal representative, to make that settlement. The authority or power to make the settlement depends upon the consent of the probate court who appointed the personal representative.

Now, it is contended on behalf of the railroad company that, although there is no consent shown to have been given by the probate court that appointed the administratrix, yet inasmuch as she signed these vouchers as administratrix, she cut off all right which her children had to recover any damages in this action. Now, considering the statute permitting recovery for wrongful death, I will remark that the action conferred by this statute is a creature of the law. The older members of the Bar will remember when there was no such action or cause of action. The common law provides for no such cause of action and if it were not for the statute there would be no cause of action on behalf of these children and none could be maintained. Now the cause of action being a creature of the statute, the statute must be complied with in all respects.

In the case of *Mack and wife* v. *Brammer et al*, 28 O. S., 508, a military land warrant was issued to the widow and minor children of a soldier of the Mexican war under a statute which provides

that the guardian of such minor children may "upon being duly authorized by the orphans or other court having probate jurisdiction, have power to sell the warrants"; the guardian of the minor child with the widow, assigned the warrant without being authorized to do so by the probate court to a person who knew all the facts of the case but supposed that the assignment gave him a clear title to the warrant. The Supreme Court held that the assignment of the guardian without authority of the proper court did not transfer the right of the minor in the warrant to the purchaser; that where the statute requires a particular authority to be pursued in the transfer of an interest in property, the purchaser is presumed to know such authority and if he purchases where the authority has not been pursued, he does so at his peril.

So that the rights of these minor children could not be cut off by any unauthorized act of their mother, the plaintiff below. The language of the statute, Section 6135, providing for action for wrongful death, is as follows:

"Every such action shall be commenced within two years after the death of such deceased person. Such personal representative, if he was appointed in this state, with the consent of the court making such appointment may, at any time before or after the commencement of a suit, settle with the defendant the amount to be paid, and the amount received by such personal representative, whether by settlement or otherwise, shall be apportioned among the beneficiaries, unless adjusted between themselves, by the court making such appointment, may, at any time before or after the equitable, having reference to the age and condition of such beneficiaries, and the laws of descent and distribution of personal estates left by persons dying intestate."

So that it will be observed that the administratrix had no power of making any settlement that would be binding on these minor children, without the consent of the probate court making the appointment. If the probate court had consented, in the proper way, so as to be evidence of its consent, she could then have made the settlement, and that settlement would then have been binding, and would have bound those minor children, because the statute authorizes that sort of a settlement to be made. But there is no pretense in the testimony in this case that the probate court ever consented to anything of that sort, although possibly counsel

may have, in their zeal, said something to the effect that the probate court did, *perhaps,* consent—as there is no proof to show that it did not, there is no proof to show that it *did;* but that very fact, that there is no proof to show that it did, conclusively concludes the party from any such contention as that.

Now then, the action is prosecuted in behalf of these two minor children. They are the only parties in interest, and, as is said in *Wolf* v. *Ry. Co.* 55 O. S., 517, the administratrix is simply the representative, and has no personal interest in the affair. I want to call attention to the syllabus in this Wolf case:

"In actions in the name of an administrator under Sections 6134 and 6135 of the Revised Statutes, the administrator is *a mere nominal party,* having no interest in the case for himself or the estate he represents, and such actions are for the exclusive benefit of the beneficiaries in such sections named. In arriving at the total amount of damages in such case the jury should consider the pecuniary injury to each separate beneficiary, not found guilty of contributory negligence, but the verdict should be for a gross sum, not exceeding ten thousand dollars."

In this case the Supreme Court in an extended and elaborate and interesting opinion, by Judge Burket, say: "The action was brought under Sections 6134 and 6135, Revised Statutes. At common law such an action could not be maintained. The action being the creature of the statute must be governed by the statute." "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act or default is such as would, if death had not ensued, have entitled the party injured to have maintained an action, and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to murder in the first or second degree, or manslaughter." And on page 531, the court say:

"The following authorities show that the administrator is a mere nominal party, and that the action will be defeated by the contributory negligence of the beneficiaries," holding, in effect, that the action is for the benefit of the parents—the beneficiaries—and

that the personal representative has no personal interest in it; could not even take it for the payment of the ordinary expenses of the settlement of the estate.

Now, taking that view of the matter, in the mind of the court, it disposes of the requests made to charge, which are, in effect that those vouchers signed by this administratrix foreclosed any right that she or the beneficiaries whom she represented had to participate in the fruits of this section. The counsel below requested the court to so instruct the jury. The court refused to so instruct the jury. The requests were made in several different forms so as to completely and skillfully cover the ground. Then exceptions to the refusal of the court to so instruct the jury were taken, and properly saved in the record, and then what the court *did* say in its charge was also excepted to, and that is properly saved in the record.

It was also urged that the statute upon which the liability in this case arises is unconstitutional—that is, the act providing that the railroad company should be liable for the negligence of an employe in authority over employes in any separate branch or department, the claim being made that some person in authority on some other train of the defendant company was guilty of negligence that produced the injury that resulted in the death of this decedent—that that act was probably unconstitutional. But we find otherwise. We don't think it is unconstitutional. It has been before the Supreme Court a number of times, and has received a settled adjudication—not on the direct question, but it has passed in review before the Supreme Court, and it is pretty safe to say where a case has been carried to the Supreme Court on particular questions, and the court has passed upon them, and no question raised there by counsel or court as to the constitutionality of such actions, that they may be considered as pretty well settled, and we do not feel disposed to disturb the finding of the court on that question.

There is but one other question which we are called upon to decide. The verdict below, as shown by the record was $5,500. The action was for $9,000. In view of the disclaimer on the part of the widow, the question is as to whether this was excessive as a verdict in favor of the children. It is contended on the part of the

plaintiff in error that there was some prejudice, or something else, that induced the jury to go beyond what they ought to have done in awarding damages in behalf of these children. Now it is true that $5,500 is considerable of a verdict, but yet it is but $2,750 for each of these children. The father of those children was able to earn probably from $75 to $100 per month. He was said in the record somewhere to have been 33 years old. He was in the full vigor of manhood, able to earn that amount of money, and take care of his children and family, and all of us know who have done anything in that regard, that children of that age need considerable for taking care of them, and providing for their education, and their clothing. And then they may have some expectation to inherit, on the death of their father. The jury, under proper instructions of the court, took into account all of these things. They had the whole matter before them. The matter was properly submitted to them, and they, in the exercise of their discretion, concluded $5,500 was not excessive; and while we say and are of opinion that that is a pretty large verdict, still it is not so excessive that we feel we ought to disturb it. The conclusion we have reached is that the judgment should be affirmed, with costs, without penalty. And that will be our finding.

*Waight & Moore* and *J. H. Collins,* for plaintiff in error.
*Charles M. Cist* and *F. V. Owen,* for defendant in error.