TENNANT, ADMR., et al., Appellees,

v.

STATE FARM MUTUAL INSURANCE COMPANY, Appellant.

[Cite as *Tennant v. State Farm Mut. Ins. Co.* (1991), 81 Ohio App.3d 20.]

Court of Appeals of Ohio,
Summit County.

No. 14922.

Decided May 29, 1991.

---

*Michael Ashar,* for appellees.

*David W. Hilkert,* for appellant.

CACIOPPO, Judge.

Defendant-appellant, State Farm Mutual Insurance Company, appeals from the decision of the Summit County Court of Common Pleas granting summary judgment in favor of plaintiffs-appellees, Denver Tennant, individually and in his representative capacity as administrator of his wife's estate. We reverse.

This case arose from an automobile accident, occurring on February 17, 1988, between Mark Hagenbaugh and Denver Tennant. As a result of the accident, Denver Tennant was seriously injured and his wife, Arlene Tennant, a passenger, was killed.

Denver Tennant, the administrator of Arlene Tennant's estate, instituted an action for the wrongful death of Arlene against Mark Hagenbaugh.

On April 19, 1988, the administrator obtained authority from the Medina County Court of Common Pleas, Probate Division, to settle the wrongful death claim against Mark Hagenbaugh and State Farm. In May 1988, the administrator negotiated a settlement for $50,000. Mark Hagenbaugh and State Farm contributed $25,000 each toward the settlement. On May 9, 1988, the administrator executed a release with State Farm, which read in pertinent part:

"Received of State Farm Mutual Automobile Insurance Company, hereinafter called the Company, the sum of *Twenty five thousand and xx/100 ($25,000.00)* in full settlement and final discharge of all claims under the above numbered policy because of bodily injuries and death sustained by *Arlene M. Tennant* by reason of an accident or occurrence arising out of the ownership or operation of an automobile by *Mark Hagenbaugh* which occurred on or about the *17th day of February, 1988* at *State Route 261, Wadsworth Township, Ohio.*

"This release covers any and all claims that could be made against the Company except Medical Payments Coverage to date hereof, including claims for conscious pain and suffering prior to death and claims for wrongful death.

"The undersigned warrants that he is Administrator of the estate and has full authority and approval of the Probate Court to sign this release."

On July 22, 1988, Tennant instituted an action against Mark Hagenbaugh for personal injuries he suffered in the automobile accident. The complaint was amended to add the administrator as a plaintiff seeking damages for the statutory beneficiaries under the wrongful death statute. On March 30, 1990, Tennant, individually and as the administrator, settled with Hagenbaugh. State Farm rejected the demand for damages.

On June 25, 1990, Tennant, individually and as the administrator, filed a complaint for declaratory judgment against State Farm. The complaint sought an order directing that State Farm submit the claims for Tennant's personal injuries and Arlene's wrongful death to arbitration.

The parties entered into stipulations for the purpose of summary judgment. State Farm filed a motion for summary judgment on October 21, 1990. Tennant, individually and as the administrator, filed a response and a motion for summary judgment.

On December 12, 1990, the trial court denied State Farm's motion, granted Tennant's motion in part permitting Tennant to arbitrate his claim for personal injuries and wrongful death, and denied the motion as to the other statutory beneficiaries' right to arbitrate their claims under the wrongful death statute.

State Farm filed a timely appeal.

### Assignments of Error

"I. The trial court committed prejudicial error in ruling that the probate-approved release, signed by Denver Tennant as the decedent's personal representative releasing all claims against State Farm arising out of Arlene Tennant's death, did not preclude Denver Tennant's right to demand that State Farm arbitrate over damages due to him as a result of Arlene Tennant's death.

"II. The trial court erred in ordering arbitration since the applicable $50,000.00 'per person' limit of liability had already been paid and since the 'per accident' limit permitting an additional recovery of $25,000 was not applicable.

"III. The trial court erred in overruling State Farm's motion for summary judgment and in granting plaintiff's motion for summary judgment directing that State Farm to [*sic*] arbitrate the wrongful death claim of Arlene Marie Tennant."

The issue presented is whether an administrator of a wrongful death action, who executed a release settling all claims against an insurance company, has a right to recover individually as the surviving spouse pursuant to the underinsured motorist provisions of the insurance policy.

The right to sue for wrongful death in Ohio is a statutorily created right. *Rubeck v. Huffman* (1978), 54 Ohio St.2d 20, 22, 8 O.O.3d 11, 13, 374 N.E.2d 411, 413. The rights conferred by the wrongful death statute are accompanied by the limitations imposed by that statute. *Id.* Wrongful death actions in this state are not intended to compensate the decedent or her estate for personal injury, pain and suffering. *Karr v. Sixt* (1946), 146 Ohio St. 527,

33 O.O. 14, 67 N.E.2d 331. Therefore, the damages recovered do not become assets of the estate, but are to be distributed to the beneficiaries. Contrary to the appellee's assertion, the estate does not have a claim under the wrongful death statute. Recovery is for the exclusive benefit of the surviving spouse, the children, and other next of kin of the decedent. R.C. 2125.02(A)(1).

Another limitation placed on wrongful death actions is that they must be brought in the name of the personal representative of the deceased person. *Id.; Wood v. Shepard* (1988), 38 Ohio St.3d 86, 89, 526 N.E.2d 1089, 1091. R.C. 2125.02(C) provides that the personal representative, if he is appointed in Ohio, may, with the consent of the court making such appointment, at any time before or after the commencement of the suit, settle with the defendant the amount to be paid. The right to make such settlement is exclusively in the personal representative, who acts on behalf of all persons interested therein. *Matz v. Erie–Lackawanna RR. Co.* (1965), 2 Ohio App.2d 136, 141, 31 O.O.2d 241, 244, 207 N.E.2d 250, 253.

In the case *sub judice,* Denver Tennant was appointed by the Summit County Court of Common Pleas, Probate Division, as the personal representative. After he brought the wrongful death action, Tennant obtained the consent of the court to settle with State Farm and Hagenbaugh for $50,000. As the personal representative, Tennant was acting on behalf of himself as the surviving spouse, the three children and the other next of kin of Arlene Tennant. This is not a case where the personal representative settled the action without the consent of the probate court. See *Baltimore & Ohio RR. Co. v. Hottman* (1903), 1 Ohio C.C. (N.S.) 17, 15 Ohio C.D. 140, affirmed (1904), 70 Ohio St. 475, 72 N.E. 1154.

A proper settlement is binding upon the beneficiaries and bars any further prosecution of a wrongful death claim, *id.* 1 Ohio C.C. (N.S.) at 21, absent fraud or a similar ground. *Bragg v. Ohio Elec. Ry. Co.* (1920), 23 Ohio N.P. (N.S.) 140, 31 Ohio Dec. 125, 129.

Appellees' argument that the release is not binding upon Tennant individually because he signed the release in his capacity as administrator must fail. Tennant was acting on behalf of the beneficiaries, which included himself as the surviving spouse, when he executed the release. He is bound by the settlement and barred from further prosecution.

Moreover, since the Ohio wrongful death statute mandates that actions in wrongful death be brought in the name of the personal representative of the deceased person, R.C. 2125.02(C), the surviving husband is not permitted individually to compromise or settle an action for the wrongful death of his wife. See *Morrow v. Drumwright* (1957), 202 Tenn. 307, 304 S.W.2d 313.

Therefore, Tennant's argument that the settlement by a surviving husband as the administrator does not bind him personally because he may collect under the provisions of the underinsured motorist insurance fails. We will not expand the rights conferred by the wrongful death statute beyond that intended by the legislature.

In order to prevail on a motion for summary judgment, the moving party must demonstrate that:

" * * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

Appellees have failed to demonstrate that they are entitled to judgment as a matter of law; therefore, summary judgment was improperly granted. Since our decision as to the first and third assignments of error disposes of the issue in the remaining assignment of error, we need not address it. The assignments of error are well taken. The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

QUILLIN, P.J., concurs.

BAIRD, J., concurs.

BAIRD, Judge, concurring.

Since I believe that the plain and unequivocal language of *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 526 N.E.2d 1089, mandates the overruling of Assignment of Errors Nos. I and III, I do not agree with the majority's disposition of those assignments.

However, I would sustain Assignment of Error No. II, because there is only one insured beneficiary and State Farm has already paid the limit therefor established in the policy.

Accordingly, I concur in the judgment of reversal.