DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Paula Simcox appeals from the decision of the Medina County Court of Common Pleas granting summary judgment in favor of appellee Westfield Companies. We affirm.
 I.
Westfield Companies ("Westfield") is an insurance company doing business in Medina County, Ohio. In 1994, Simcox had an automobile insurance policy with Westfield. The policy included underinsured motorist ("UIM") coverage, as required by Ohio law, with a limit of $300,000.
In 1994, James Clement, Simcox's father, lived in Florida with Cynthia Ducklow Clement, who was his wife and Simcox's stepmother. On June 13, 1994, Mr. Clement was killed in an automobile accident in Florida. Mrs. Clement was appointed administratrix of Mr. Clement's estate. Mrs. Clement, as personal representative of Mr. Clement, then filed a wrongful death action against Elsie Stanek, the other driver involved in the accident that killed Mr. Clement. Ms. Stanek had an automobile insurance policy with a policy limit of $100,000. Mrs. Clement, as personal representative, settled the wrongful death claim for the policy limit. Under Florida law, Mrs. Clement, as Mr. Clement's widow, was entitled to the entire settlement. Simcox was not notified of the settlement, and she did not receive any money from the settlement.
On June 12, 1996, Simcox filed an action for declaratory judgment in the Medina County Court of Common Pleas, naming Westfield as defendant. Simcox sought a declaration of her rights under her policy with Westfield and asserted that she was entitled to damages from Westfield as a result of the wrongful death of Mr. Clement under the UIM provision of the policy. Westfield answered and denied liability.
Both parties moved for summary judgment. On March 14, 1997, the trial court issued its order. The trial court granted Westfield's motion for summary judgment and denied Simcox's motion, holding that Simcox was not entitled to recover under her policy with Westfield for the wrongful death of Mr. Clement. This appeal followed.
 II.
Simcox asserts three assignments of error. We address each one in due course, considering her second assignment of error first.
 A.
In her second assignment of error, Simcox argues that the trial court erred in granting summary judgment in favor of Westfield and denying summary judgment in her favor because the court applied the wrong state's law. The trial court held that because the accident occurred in Florida, Florida substantive law applied in determining whether Simcox was legally entitled to recover damages from the tortfeasor, Ms. Stanek, for Mr. Clement's wrongful death. Simcox argues that because her suit was between parties domiciled in Ohio and the insurance contract was formed in Ohio, the substantive law of Ohio should be applied. She further contends that Ohio law would permit her to recover damages from Ms. Stanek for the wrongful death of Mr. Clement.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment isde novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. See Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
We begin our analysis with the insurance policy issued by Westfield. The basis for Westfield's obligation to Simcox, if any, lies in the insurance contract, to the extent that the policy is consistent with R.C. 3937.18. Love v. Nationwide Mut. Ins. Co.
(1995), 104 Ohio App.3d 804, 809. Section V of the policy, entitled "Coverages," reads in pertinent part:
COVERAGE J — UNDERINSURED MOTORISTS
 We will pay compensatory damages which an insured
is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury caused by an accident.
(Emphasis sic.) Under R.C. 3937.18(A)(2), an automobile insurance policy issued in the state of Ohio must provide UIM coverage. Under R.C. 3937.18(A)(1), a policyholder is entitled to uninsured motorist coverage when the insured is "legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death[.]" Thus, under the Westfield policy, Simcox may recover damages from Westfield, to the extent Ms. Stanek's insurance is less than $300,000, only if Simcox is legally entitled to recover from Ms. Stanek.
Simcox and Westfield differ as to what law should be applied to determine whether Simcox is legally entitled to recover from Ms. Stanek for Mr. Clement's death. Simcox contends that she is legally entitled to recover from Ms. Stanek under Ohio's wrongful death statute, R.C. 2125.01. Simcox premises her argument onNationwide Mut. Ins. Co. v. Ferrin (1986), 21 Ohio St.3d 43, where the Ohio Supreme Court stated: "It is well-settled in Ohio that in cases involving a contract, the law of the state where the contract is made governs interpretation of the contract." Id. at 44. Because the insurance contract was formed in Ohio, and only Ohio parties are involved, Simcox argues that Ohio law decides whether she is entitled to recover from Ms. Stanek.
Westfield, in turn, argues that Simcox is not legally entitled to recover from Ms. Stanek under Florida law. Westfield relies on Kurent v. Farmers Ins. of Columbus, Inc. (1991),62 Ohio St.3d 242, wherein the Ohio Supreme Court stated: "Section 146 of 1 Restatement of the Law 2d, Conflict of Laws (1971) 430, creates a presumption that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit." Id. at 246. Westfield contends that because the accident occurred in Florida between two Florida residents, the wrongful death statute of Florida should be applied in determining whether Simcox is legally entitled to recover from Ms. Stanek.
We agree with the trial court that the substantive law of Florida should be applied. In Nationwide Mut. Ins. Co. v. Black
(1995), 102 Ohio App.3d 235, Ohio residents were involved in an automobile accident in Ontario, Canada. The Ohio residents then attempted to recover from their insurance company for damages stemming from the accident. In determining whether the law of Ohio or Ontario applied, this court considered the factors set forth by the Restatement of Law 2d, Conflicts of Law, and adopted by the Ohio Supreme Court in Morgan v. Biro Mfg. Co. (1984),15 Ohio St.3d 339:
 [A] presumption is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. To determine the state with the most significant relationship, a court must then proceed to consider the general principles set forth in Section 145. The factors within this section are: (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under Section 6 which the court may deem relevant to the litigation.
Id. at 342.[1] (Footnotes omitted.) We held that the presumption in favor of the law of the place of the injury was not overcome, even though factors (3) and (4) favored Ohio. Black,102 Ohio App.3d at 243.
In the case at bar, we likewise find that the presumption in favor of the place of the injury has not been overcome. The first and second factors favor Florida, since the accident occurred there. The third and fourth factors favor Ohio, as the contractual relationship between Simcox and Westfield was created in Ohio, Simcox is domiciled in Ohio, and Westfield is an Ohio corporation. As in Black, we find that the "other" considerations in the fifth factor favor neither forum. See id. The factors favoring the law of Ohio are not so compelling as to overcome the presumption in favor of Florida law as the situs of the injury. Therefore, the trial court correctly determined that Florida law should be applied in determining Westfield's liability to Simcox. See, also, Amon v. Grange Mut. Cas. Co. (1996), 112 Ohio App.3d 407,411.
Simcox is not legally entitled to recover from Ms. Stanek under Florida law. Under Florida's wrongful death statute, children of a decedent may recover damages for lost support and services in all instances. Fla.Stat.Ann. 768.21(1). However, the adult children of a decedent may only recover damages for lost companionship or mental pain and suffering if there is no surviving spouse. Fla.Stat.Ann. 768.21(3). Because Mr. Clement was survived by Mrs. Clement, Simcox could only recover for lost support or services under Florida law. It is undisputed that Simcox suffered no loss of services or support as a result of Mr. Clement's death. Therefore, Simcox is not legally entitled to recover damages from Ms. Stanek as a result of Mr. Clement's wrongful death, and Westfield is not obligated to make any payment to Simcox under the UIM provision of the insurance policy. Accordingly, Simcox's second assignment of error is overruled.
 B.
In her first assignment of error, Simcox argues that the trial court's interpretation of R.C. 3937.18, applying Florida law, violates the Equal Protection Clauses of the United States and Ohio Constitutions. She contends, "The Trial Court, in effect, rendered a decision which would allow recovery for beneficiaries who live in Ohio and who have a decedent who was killed in the State of Ohio, but deny recovery for those beneficiaries living in Ohio but whose decedent was killed in an out of state accident." Because the trial court's ruling treats similarly situated classes of persons (Ohio insureds) differently, Simcox argues that equal protection is violated.
"A statutory classification which involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clause of the Ohio or United States Constitutions if it bears a rational relationship to a legitimate governmental interest." Menefee v. Queen City Metro (1990), 49 Ohio St.3d 27,29. "[W]here there is no classification, there is no discrimination which would offend the Equal Protection Clauses of either the United States or Ohio Constitutions." Conley v.Shearer (1992), 64 Ohio St.3d 284, 290. We also note that statutes enacted by the Ohio General Assembly enjoy a presumption of constitutionality, unless the unconstitutionality of the statute is shown beyond a reasonable doubt. Id. at 289.
We do not agree with Simcox that R.C. 3937.18, as applied by the trial court to the facts of this case, violates equal protection. While Simcox argues that the statute classifies Ohio insureds based on the place of the wrongful death of an insured's decedent, no such classification exists in the statute. R.C.3937.18(A) distinguishes between insureds "who are legally entitled to recover damages." Simcox is placed on an equal footing with an Ohio insured whose parent is killed in Ohio but who is not legally entitled to recover damages as a result of the wrongful death. See, e.g., Tennant v. State Farm Mut. Ins. Co.
(1991), 81 Ohio App.3d 20, 24. The test is not where a wrongful death occurs, but whether the insured is legally entitled to recover damages from the tortfeasor. Because there is no impermissible classification based on the place of death of an insured's decedent, equal protection is not violated. Accordingly, Simcox's first assignment of error is overruled.
 C.
Simcox asserts in her third assignment of error that the trial court erred in granting summary judgment on the grounds that Simcox failed to notify Westfield of Mrs. Clement's settlement of the wrongful death suit, and thereby did not preserve Westfield's subrogation rights. Westfield denied coverage on this basis, but the trial court stated, "Even if it is found that notification of [Westfield] was not possible, [Simcox] had no legal claim to underinsured motorists coverage[.]"
We agree with the trial court. Assuming arguendo that Simcox had preserved Westfield's subrogation rights, she would not be entitled to recover on her Westfield policy, based on our resolution of her second assignment of error. Accordingly, Simcox's third assignment of error is overruled. See App.R. 12(A)(1)(c).
 III.
All of Simcox's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
SLABY, P. J.
QUILLIN, J., J.
CONCUR.
[1] The Section 6 factors include (1) a statutory directive on choice of law; (2) the needs of the interstate system; (3) the relevant policies of the jurisdictions concerned; (4) the policies of other interested jurisdictions; (5) protecting justified expectations; (6) the basic policies underlying the field of law at issue; (7) making results certain, predictable, and uniform; and (8) the ease with which the applicable law may be determined and applied to the case. Id.
at 342, fn. 6.