OPINION
Plaintiff-appellant, Mary Alatsis, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendants-appellees, Nationwide Insurance Enterprise, Nationwide Mutual Fire Insurance Company, and Nationwide Mutual Insurance Company (collectively "Nationwide"), and denying plaintiff's motion for partial summary judgment.
According to plaintiff's complaint, on December 8, 1995, plaintiff, as a passenger in a car her husband owned and operated, was injured in an automobile accident. The other party to the accident was the sole and proximate cause of the collision as stipulated in another lawsuit. At the time of the accident, plaintiff, a schoolteacher and employee of Union-Scioto Schools and Union-Scioto Local School District, was not acting in the course and scope of her employment. According to plaintiff's allegations, following the accident, plaintiff filed and pursued civil complaints against the tortfeasor and her own automobile liability insurance carrier, but the proceeds from those actions did not fully compensate plaintiff. Prior to instituting this lawsuit, plaintiff settled with the tortfeasor and released the tortfeasor from any further liability.
At the time of plaintiff's accident, Union-Scioto Schools was a named insured in a commercial automobile policy issued by Nationwide Mutual Fire Insurance Company ("Nationwide Fire Policy"), and Union-Scioto Local School District was a named insured under a liability policy issued by Nationwide Mutual Insurance Company ("Nationwide Mutual Policy"). On August 16, 2000, plaintiff filed an action for declaratory relief concerning the availability of uninsured/underinsured (UM/UIM) motorist insurance coverage under the two policies. Nationwide timely answered plaintiff's complaint and filed a counterclaim for declaratory judgment.
On December 8, 2000, plaintiff moved for partial summary judgment, but later withdrew the motion. On January 25, 2001, plaintiff again moved for partial summary judgment. Nationwide contested plaintiff's partial summary judgment motion, and filed its own motion for summary judgment. On August 10, 2001, the trial court found plaintiff was not entitled to coverage under either the Nationwide Fire Policy or the Nationwide Mutual Policy, and granted Nationwide's summary judgment motion.
Plaintiff timely appeals, noting that "[t]his appeal deals only with those aspects of the trial court's judgment regarding the Nationwide Fire Policy." (Plaintiff's brief, 7.) Plaintiff assigns the following errors:
FIRST ASSIGNMENT OF ERROR:
 The trial court erred to the prejudice of plaintiff-appellant Alatsis in denying her motion for summary judgment and in granting defendant[s]-appellees' cross-motion for summary judgment with regard to the Nationwide Mutual Fire Insurance Policy.
SECOND ASSIGNMENT OF ERROR:
 The trial court erred to the prejudice of plaintiff-appellant Alatsis in holding that the case of Scott-Pontzer v. Liberty Mut. [Fire] Ins. Co. (1999), 85 Ohio St.3d 660, does not apply to the policies of automobile liability insurance containing uninsured/underinsured motorist coverage that are issued to school boards or other political subdivisions of the state.
THIRD ASSIGNMENT OF ERROR:
 The trial court erred to the prejudice of plaintiff-appellant Alatsis in concluding that a notification provision of the Nationwide Mutual Fire Insurance Policy applies to bar plaintiff-appellant Alatsis's right to uninsured/underinsured coverage under that policy.
FOURTH ASSIGNMENT OF ERROR:
 The trial court erred to the prejudice of plaintiff-appellant Alatsis in construing the ambiguities of the Nationwide Mutual Fire Insurance Policy in a manner most favorable to the insurer and most strictly against plaintiff-appellant Alatsis who is an insured.
Because the assignments of error are interrelated, we address them jointly.
An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
Plaintiff contends the trial court erred in concluding the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660 does not apply to plaintiff and render her an insured under the Nationwide Fire Policy. Nationwide contends that, even if plaintiff is considered an insured under the policy terms, plaintiff is not entitled to recover under the policy because she failed to provide prompt notice to Nationwide and instead settled with the tortfeasor, thereby prejudicing Nationwide's subrogation rights. Plaintiff responds that she was under no contractual obligation to notify Nationwide any earlier than she did. In support, plaintiff cites to this court's decision in Howard v. State Auto Mut. Ins. (2000), Franklin App. No. 99AP-577. Moreover, plaintiff contends that, even if notification and subrogation provisions apply, Nationwide suffered no material prejudice by the lack of notification.
In an effort to circumvent the issues of notice and consent, plaintiff relies on Howard to support a contention that she was under no contractual obligation to notify Nationwide any earlier than she did. In Howard, this court concluded that automobile policy provisions from two insurers were confusing and ambiguous. Accordingly, construing the ambiguous and confusing provisions against the insurers, the court determined the failure to notify, and the failure to receive consent, did not preclude recovery.
 Plaintiff's case, however, is distinguishable from Howard because of additional language in the policy at issue. Section IV-Business Auto Conditions, subsection 5 "TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US" of the Business Auto Coverage Form of the Nationwide Fire Policy, as amended by the "Ohio Uninsured Motorists Coverage Bodily Injury" endorsement, provides:
 If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.
 In McDonald v. Republic-Franklin Ins. Co. (1989), 45 Ohio St.3d 27, 29, modified by Fulmer v. Insura Property Cas. Co. (2002), 94 Ohio St.3d 85, the Ohio Supreme Court noted that "[t]his court has long recognized an insurer's right of subrogation. * * * In R.C. 3937.18(E), the General Assembly specifically granted the right of subrogation to providers of uninsured and underinsured motorist coverage. Accordingly, we held in Bogan [v. Progressive Cas. Ins. Co. (1988), 36 Ohio St.3d 22] at paragraph four of the syllabus: '* * * [A] subrogation clause is reasonably includable in contracts providing underinsured motorist insurance. Such a clause is therefore both a valid and enforceable precondition to the duty to provide underinsured motorist coverage.'" (Citation omitted.) The McDonald court also noted, "[i]t has been held that '[a]n insured who settles with and releases an underinsured tortfeasor before giving her insurer notice * * * is precluded from bringing an action against her insurer for underinsured motorist benefits.' Klang v. American Family Ins. Group (Minn.App. 1986), 398 N.W.2d 49, syllabus. We agree that an insured who destroys his insurer's subrogation rights without the insurer's knowledge does so at his peril." McDonald at 31.
In Frazier v. United Ohio Ins. Co. (1995), Franklin App. No. 94APE09-1339, quoting Bogan v. Progressive Cas. Ins. Co. (1988),36 Ohio St.3d 22, 30-31, overruled in part on other grounds by McDonald, and modified on other grounds by Fulmer, this court noted:
 [The insurance company's] subrogation right * * * is based not only upon the words of its contract, but upon much prior case law and the specific statutory expression of the General Assembly. As such, a right of subrogation, the protection of which is a precondition to underinsured motorist coverage, is a full and present right in and of itself wholly independent of whether a later judgment obtained by use of such right will be reduced to collection from the tortfeasor. Such right constitutes a `real and existing' right at any time the injured insured is in a position to release a liable party from its liability. It is, therefore, both just and reasonable that an insurer require, as a precondition to coverage, not that such subrogation rights will result in reimbursement to the insurer, but that the injured party not compromise with the tortfeasor in such a way as to destroy the insurer's subrogation right. Such compromise clearly prejudices the present subrogation right of the injured party's insurer. (Emphasis sic.)
To the extent plaintiff contends that Nationwide was not prejudiced by plaintiff's release of the tortfeasor from liability, Frazier renders such an argument unpersuasive.
 Moreover, even though plaintiff settled with and released the tortfeasor prior to the Supreme Court's decision in Scott-Pontzer, plaintiff failed to do everything necessary to secure Nationwide's rights as required in the subrogation clause of the Nationwide Fire Policy. See Scott-Pontzer at 663 ("It is well settled that an insurance policy is a contract and that the relationship between the insured and the insurer is purely contractual in nature"). Accordingly, because plaintiff materially prejudiced Nationwide's subrogation rights, Nationwide was under no obligation to provide coverage under the Nationwide Fire Policy. See Lepley v. Hartford Acc. and Indemn. Co. (N.D.Ohio. 2001), 174 F. Supp.2d 656 (finding that plaintiff's settlement with tortfeasor and release of tortfeasor's insurer, which occurred prior to Scott-Pontzer, precluded recovery under a claim brought pursuant to Scott-Pontzer because these agreements destroyed insurer's subrogation rights).
Despite the foregoing, application of Ohio subrogation law to the facts of this case is not without issues. As observed in the provisional decision of Martin v. Liberty Mut. Ins. Co. (2001), 187 F. Supp.2d 896,900, the "* * * revival of cases in the wake of Scott-Pontzer puts an interesting twist on issues involving the applications of conditions precedent to coverage, such as notice and subrogation requirements. In many of these cases, the accident giving rise to bodily injury occurred years, even decades, ago, and the cases or claims against the tortfeasor have been settled or litigated." Martin considered whether a plaintiff prejudiced a defendant insurance company's subrogation rights by settling with a tortfeasor and releasing the tortfeasor from all claims related to the accident, and noted:
 While this Court does not disagree with the case law of the Ohio Supreme Court, the Court is of the opinion that the facts underlying the case at issue make application of the existing case law to this case unjust. While it is true that Plaintiffs settled with the tortfeasor and released her from all liability, the Plaintiffs did so approximately seven years and nine months before the Ohio Supreme Court decided Scott-Pontzer, which gives rise to this case. Before the holding in Scott-Pontzer was issued in June of 1999, Plaintiffs, and other similarly situated, could not predict that they would be covered under their employer's insurance policy, even when outside the scope of employment, and that such coverage could include underinsured motorists coverage. [Martin at 904.]
Similarly, plaintiff here could not have anticipated she would be covered by the terms of the policy at issue.
Moreover, in this case, Nationwide suffered no loss by plaintiff's settlement with the tortfeasor. Pursuant to its subrogation rights, Nationwide would step into the shoes of its insured. By the time Scott-Pontzer was decided, the statute of limitations had expired on plaintiff's ability to bring a tort action against the tortfeasor. As a result, even though plaintiff filed the present lawsuit shortly after Scott-Pontzer was released, Nationwide could not have sued the tortfeasor. Thus, on the facts of this case, the subrogation clause did not, and could not, serve its intended purpose.
Nonetheless, plaintiff's failure to preserve Nationwide's subrogation rights prevents her recovery, whether or not Nationwide demonstrates the settlement caused Nationwide any loss. In the final analysis, plaintiff materially compromised Nationwide's subrogation rights by releasing the tortfeasor from liability, thereby breaching her duty under the Nationwide Fire Policy, as amended by the uninsured motorist coverage endorsement. See Ruby v. Midwestern Indemn. Co. (1988), 40 Ohio St.3d 159,162 ("It is well-settled in Ohio that by executing a release which precludes an insurer from exercising its subrogation rights an insured materially breaches his insurance contract and discharges his insurer from its obligation to provide coverage"); Love v. Nationwide Mut. Ins. Co. (1995), 104 Ohio App.3d 804, 811, discretionary appeal not allowed,74 Ohio St.3d 1459 ("That appellants `never have and never will have any rights against the tortfeasor' is immaterial. The right of subrogation is a `full and present right in and of itself wholly independent' of any alleged lack of prejudice from the failure of an insured to protect the insurer's subrogation rights"). Because plaintiff materially compromised Nationwide's subrogation rights, Nationwide was not required to provide coverage to plaintiff. The trial court properly granted summary judgment to Nationwide.
Accordingly, plaintiff's four assignments of error are overruled to the extent indicated, and the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS and DESHLER, JJ., concur.