{¶ 16} I respectfully dissent.
 {¶ 17} The lease in question here is ambiguous at best. Article 3 and Article 13 directly conflict as to whether the lessee is liable as to fire damage. Article 3 states:
 {¶ 18} "Section 3.02, Waste and Nuisance
"Lessee shall, throughout the lease term, maintain the building and other improvements constituting the leased premises and keep from waste or nuisance, and shall deliver up the premises in good repair and in a clean and sanitary condition at the termination of this Lease, reasonable wear and tear and damage by fire, tornado, or other casualty excepted * * *."
Article 13 states:
"Surrender
"Lessee shall at the expiration or termination of this Lease, or any renewal or extension thereof, leave, surrender, and vacate the premises in good order and repair, ordinary wear and tear excepted, and the building upon the premises shall then and there be the property of, and owned by the Lessor, free and clear of any and all claims, rights, titles, or interests therein or to property located thereon of the lessee."
 {¶ 19} Assuming these two articles are not ambiguous, I still cannot agree with the majority's analysis here as to the insured's right to waive the subrogation rights of its insurer, as I agree with appellant that the waiver of the subrogation clause is invalid.
 {¶ 20} Appellant's right of subrogation is a "full and present right in and of itself wholly independent" of the lease. Love v. NationwideMut. Ins. Co. (1995), 104 Ohio App.3d 804, 811. The insured here cannot destroy appellant's separate rights. Although a lessor may contract with the lessee that both parties will cause their insurance policies to be written in a manner so as to provide that the insurance company waives all rights of recovery by subrogation, Nationwide Mut.Fire Ins. Co. v. T J Transp. Warehouse (Jan. 25, 1991), 6th Dist. No. L-90-097, it cannot waive the insurer's subrogation rights in the lease.
 {¶ 21} Appellant is not a party to the lease. Third parties, such as the insured here, cannot waive appellant's right of subrogation. It is a right not within their possession and, therefore, cannot be released.